UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PATRICK McCARTHY, an individual also known as FLYNN McCARTHY; BRYAN DAVID MINCEY; SKY SIREWEST; DOES 1-10; ABC CORPORATIONS 1-10; and XYZ LLC's 1-10,<br><br>　　　　　　　Defendants. | Case No.: 3:17-cv-01554-GPC-RBB<br><br>**ORDER DENYING MOTIONS TO DISMISS**<br><br>**[ECF Nos. 8, 16, 19]** |

　　　Before the Court are three motions to dismiss Plaintiff's complaint. Defendant McCarthy, appearing *pro se*, filed a motion to dismiss on August 30, 2017 (ECF No. 8), and Plaintiff, appearing *pro se*, filed a response on August 31, 2017 (ECF No. 14). Defendants Mincey and Sirewest, both also appearing *pro se*, filed motions to dismiss on September 5 and 7, 2017, respectively. (ECF Nos. 16, 19.) Pursuant to the Court's order, Plaintiff filed a joint response to Mincey's and Sirewest's motions on October 1, 2017. (ECF No. 21.) For the reasons set forth below, the Court DENIES the motions to dismiss.

## I. Background

In his complaint, Plaintiff claims that Defendants have violated California Penal Code §§ 632 and 637.2(a)-(b); the federal Racketeering Influenced and Corrupt Organization ("RICO") statute; and the federal Telephone Consumer Protection Act. (*See* ECF No. 1 at 36–43.) Generally, Plaintiff claims that Defendants operate a telephonic marketing network that advertises fraudulent loans to residents of California. (*E.g. id.* at 6–8.) Plaintiff alleges that despite his name being placed on the Federal Trade Commission's Do-Not-Call registry, Defendants called and texted Plaintiff on his cellular phone. (*Id.* at 8–9.)

The three motions to dismiss are virtually identical. Each contains a "verified" statement by the corresponding defendant in which they assert the following: (1) the Defendants are residents of Florida; (2) during the period relevant to this case, they were not in California; and (3) Defendant have no business address in California.[1] (ECF Nos. 8, 16, 19.) The complaints also each assert that "[p]roper jurisdiction and venue for this cause lies in the Federal courts within the State of Florida and not in California." (*Id.*) Each is signed by the corresponding defendant and notarized by a notary public. (*Id.*)

Despite the fact that Defendants' motions are titled "Verified Motion to Dismiss for Improper Venue," they also assert that "proper jurisdiction and venue" lie in Florida. The Court therefore construes Defendants' motions to seek dismissal on the grounds of venue *and* personal jurisdiction. *See United States v. Ten Thousand Dollars ($10,000.00) in U.S. Currency*, 860 F.2d 1511, 1513 (9th Cir. 1988) ("We have consistently held in this circuit that courts should liberally construe the pleadings and efforts of pro se litigants . . .").

//

---

[1] The motions also assert that Plaintiff is a "convicted felon and serial litigator who has filed many actions similar to this cause and brings this suit in bad faith and without cause." (ECF Nos. 8, 16, 19.) The Court agrees with Plaintiff that such assertions are irrelevant to the question of whether this Court may resolve Plaintiff's claims.

## II. Discussion

Under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), a defendant may move to dismiss a plaintiff's complaint on the respective grounds that the court lacks personal jurisdiction over that defendant and that the district in which the complaint has been filed is an improper venue.

### A. Personal Jurisdiction

While "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate" in response to Rule 12(b)(2) motion, when there is no evidentiary hearing on the issue,[2] "the plaintiff need only make a prima facie showing of jurisdictional facts"; "[a]ll uncontroverted allegations in the complaint are deemed true, and factual disputes are to be resolved in favor of the non-moving party." *Morrill v. Scott Fin. Corp.*, ___ F.3d ___, 2017 WL 4766888, at *3 (9th Cir. Oct. 23, 2017) (internal quotation marks omitted).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution." *Id.*; *see* Cal. Civ. Proc. Code § 410.10. The Court therefore must inquire whether personal jurisdiction in this Court "comports with the limits imposed by federal due process." *Daimler*, 134 S. Ct. at 753.

"Constitutional due process requires that defendants have certain minimum contacts with a forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Morrill*, 2017 WL 4766888, at *3 (internal quotation marks omitted). "Minimum contacts are shown if the defendant has continuous and systematic general business contacts with a forum state (general jurisdiction), or if the defendant has sufficient contacts arising from or related to specific

---

[2] Defendants have not requested an evidentiary hearing.

transactions or activities in the forum state (specific jurisdiction)." *Id.* (internal quotation marks omitted). Plaintiff does not contend that Defendants are subject to general jurisdiction in California; the proper analysis for the Court, therefore, is whether Defendants are subject to specific jurisdiction in this forum.

To determine whether a defendant has sufficient contacts to be subject to specific personal jurisdiction, a three-part test is applied:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conduct activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.
>
> The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable.

*Id.* at *4 (internal quotation marks omitted). Plaintiff has satisfied the first two prongs of this test, and Defendants offer no evidence that the Court exercising jurisdiction here would be unreasonable.

As to the first inquiry, the Court "generally appl[ies] the purposeful availment test when the underlying claims arise from a contract, and the purposeful direction test when they arise from alleged tortious conduct." *Id.* Because there is no contract-related claim in this case, the purposeful direction test applies. "Purposeful direction requires that the defendant . . . have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (internal quotation marks omitted). While "actions may be directed at the forum state even if they occurred elsewhere," "random, fortuitous, or attenuated contacts

are insufficient to create the requisite connection with the forum." *Id.* (internal quotation marks omitted).

According to Plaintiff, Defendants called and texted Plaintiff to market a fraudulent loan while Plaintiff was in California. (ECF No. 14-1, Ewing Dec., at 2 ¶ 11.) Plaintiff appears to argue that because his cell phone number has a California area code, Defendants intended to reach someone in California by calling that number. (ECF No. 14 at 10.) Other district courts in the Ninth Circuit have concluded that this fact is sufficient to establish purposeful direction. *See, e.g.*, *Ott v. Mortg. Invs. Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1057 (D. Or. 2014); *Rinky Dink Inc. v. Elec. Merchant Sys. Inc.*, No. C13-1347-JCC, 2014 WL 5880170, at *3 (Sept. 30, 2014); *Luna v. Shac, LLC*, No. C13-00607-HRL, 2014 WL 3421514, at *3 (N.D. Cal. July 14, 2014). The Court agrees with these courts' analyses.

Defendants' conduct satisfies the three elements of purposeful direction as described above: Defendants (1) intentionally called and texted a number with a California area code, (2) by doing so, expected to reach someone in California, and (3) assuming this conduct violated the TCPA, the injury caused by Defendants' conduct occurred in California. The Court recognizes the fact that, in this day and age, many mobile telephone numbers may belong to someone who does not live in the area matching the number's area code. But as the court in *Ott* explained, it is also true that many, and perhaps the majority, of the numbers with a particular area code belong to individuals who actually live in that area. 65 F. Supp. 3d at 1057. This Court also expresses concern that if it cannot infer intent to reach an area from the fact that an individual called an area code corresponding to that area, in most TCPA cases the only jurisdiction in which a claim can be brought will be wherever the defendant is located. That result is simply too unjust to accept. Without the benefit of any evidence to the contrary, the Court concludes that by contacting a California-based number, Defendants intended to reach someone in California.

As for the second prong of the personal jurisdiction inquiry, courts in the Ninth

Circuit apply a "but-for" test, which asks whether Plaintiff "would not have suffered an injury 'but for' [Defendants'] forum related conduct." *Myers v. Bennet Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). In this case, the answer to this inquiry is a clear yes: had Defendants not called and texted Plaintiff, he would not have incurred the harm for which he now seeks redress.

Because the first two inquiries in the personal jurisdiction analysis have been satisfied, the burden shifts to Defendants to show that jurisdiction here would be unreasonable. *Morrill*, 2017 WL 4766888, at *4. Defendants offer no evidence suggesting that exercising jurisdiction would be unreasonable, other than their assertions that they are residents of Florida and were not in California at the relevant period. They offer no evidence, for example, that their personal circumstances would make it very difficult for them to litigate this case in California. As a result, Defendants have failed to satisfy their burden.

In sum, the Court concludes that it possesses personal jurisdiction over the Defendants. The Defendants purposefully directed intentional acts into this forum (which—according to the complaint—have caused the Plaintiff harm), and have not identified any reason to conclude that exercising jurisdiction here is unreasonable.

**B. Venue**

Rule 12(b)(3) authorizes "dismissal only when venue is 'wrong' or 'improper'" as determined generally by 28 U.S.C. § 1391. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct.*, 134 S. Ct. 568, 576 (2013). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)." *Id.* The Court finds that this district is a proper venue for this case. The case falls within § 1391(b)(2), which states that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

According to Plaintiff, this court is a proper venue for this action because Defendants "purposefully directed [their] activities into California by calling Plaintiff at telephone area code 619, which i[s] entirely within California." (ECF No. 14 at 3.)

Because Defendants have not submitted replies to Plaintiff's oppositions to the motions to dismiss, the only relevant assertion from Defendants are their statements that they are residents of Florida and were not in California at the relevant time.

Based on the evidence before it, the Court concludes that this Court is a proper venue for this case. The events giving rise to the claim—Defendants' calls and texts to Plaintiff—occurred in this district.[3] *See Sapan v. Dyanmic Network Factory, Inc.*, No. 13-cv-1966-MMA-WVG, 2013 WL 12094829, at *3 (S.D. Cal. Nov. 25, 2013) (finding the district where Plaintiff received the phone call to be a proper venue in a TCPA case); *cf. Blair v. CBE Group Inc.*, No. 13-cv-134-MMA-WVG, 2013 WL 2029155, at *2 (S.D. Cal. May 13, 2013) (finding the opposite because the relevant calls were neither placed nor received in the Southern District of California).

The Court concludes the venue in this district is proper.

### III. Conclusion

For the reasons stated above, Defendants' motions to dismiss (ECF Nos. 8, 16, 19) are **DENIED**.

**IT IS SO ORDERED.**

Dated: October 25, 2017

Hon. Gonzalo P. Curiel
United States District Judge

---

[3] While Plaintiff does not state explicitly that he was in this district when he received Defendants' calls and texts, it is reasonable to infer—in the absence of any evidence to the contrary—that he was within this district at that time because he resides in San Diego (*see, e.g.* ECF No. 21-1 (listing Plaintiff's address as within San Diego)). *See Sapan v. Dyanmic Network Factory, Inc.*, No. 13-cv-1966-MMA-WVG, 2013 WL 12094829, at *2 (S.D. Cal. Nov. 25, 2013) (when resolving a motion to dismiss for improper venue, "the court must draw all reasonable inference and resolve all factual conflicts in favor of the non-moving party").