UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>         Plaintiff,<br><br>v.<br><br>PATRICK MCCARTHY, a/k/a FLYNN MCCARTHY; BRYAN DAVID MINEY; SKY SIREWEST; DOES 1-10; ABC CORPORATIONS 1-10; and XYZ, LLC's 1-10,<br><br>         Defendant. | Case No.: 3:17-cv-01554-GPC-RBB<br><br>**ORDER REGARDING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**<br><br>**[ECF No. 23]** |

  On October 25, 2017, the Court entered an order denying Defendants' motions to dismiss for lack of personal jurisdiction and improper venue. (ECF No. 22.) Under Federal Rule of Civil Procedure 12(a)(4), Defendants were required to serve a pleading in response to Plaintiff's complaint "within 14 days after notice" of the Court's ruling on their motions to dismiss.

  On November 13, 2017—19 days after the Court issued its ruling denying the motions to dismiss—Plaintiff filed a request with the Clerk of Court to issue an entry of default against the three named defendants in this case because none had filed a timely responsive pleading. (ECF No. 23.) The Clerk's Office denied this request. (*See id.*)

The Court notes that Plaintiff's request should have been granted, however, because no defendant had filed a timely responsive pleading at the time of Plaintiff's request. *See* Fed. R. Civ. P. 55(a).

Yet, in the meantime, Defendants Mincey and McCarthy have filed separate answers to Plaintiff's complaint. (ECF Nos. 25, 27.) In light of the fact that Mincey and McCarthy are both appearing *pro se*, the Court finds good cause to excuse the untimeliness of their responsive pleadings. As a result, while default should have been entered against Defendants Mincey and McCarthy, the Court concludes that good cause would have been found to set aside the default against them had it been entered. *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . ."). The Court therefore accepts the answers filed by Defendants Mincey and McCarthy, and orders that default not be entered against them.

The third named defendant in this case, Defendant Sirewest, however, has not filed a responsive pleading. Because, as discussed above, the deadline to file a responsive pleading has passed, the Court respectfully requests the Clerk of Court to enter default against Defendant Sirewest under Federal Rule of Civil Procedure 55(a).

**IT IS SO ORDERED.**

Dated: December 1, 2017

Hon. Gonzalo P. Curiel
United States District Judge